# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

Josef Kirk Fischl

                 Plaintiff,

     Vs.

Correction Officer J. Pruiksma
Correction Officer Rozell
Correction Officer Timothy Brockway
Correction Officer Jeremy Burch
Correction Officer Eric Mead
Correction Officer Ray Tilley
Correction Officer Donald Smith
Correction Sergeant R. Vladyka

                Defendants.

INMATE CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

Case No. 9: 11 cv 134

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
FEB 07 2011
AT ____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

Plaintiff demands a trial by: **X** Jury ____ Court

Plaintiff in the above captioned action, alleges as follows:

-1-

# JURISDICTION

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

# PARTIES

2. Plaintiff: Josef Kirk Fischl

   Address: Five Points Correctional Facility

   State Route 96~P.O. Box 119~Romulus, N.Y. 14541

3. a. Defendant: J. Pruiksma

Official Position: Correction Officer

Address: Great Meadow Correctional Facility

P.O. Box 51 - Comstock, N.Y. 12821

b. Defendant: ? Rozell

Official Position: Correction Officer

Address: Great Meadow Correctional Facility

P.O. Box 51 - Comstock, N.Y. 12821

c. Defendant: Timothy Brockway

Official Position: Correction Officer

Address: Great Meadow Correctional Facility

P.O. Box 51 - Comstock, N.Y. 12821

d. Defendant: Jeremy Burch

Official Position: Correction Officer

Address: Great Meadow Correctional Facility

P.O. Box 51 ~ Comstock, N.Y. 12821

e. Defendant: Eric Mead

Official Position: Correction Officer

Address: Great Meadow Correctional Facility

P.O. Box 51 ~ Comstock, N.Y. 12821

f. Defendant: Ray Tilley

Official Position: Correction Officer

Address: Great Meadow Correctional Facility

P.O. Box 51 ~ Comstock, N.Y. 12821

g. Defendant: Donald Smith

Official Position: Correction Officer

Address: Great Meadow Correctional Facility

P.O. Box 51 ~ Comstock, N.Y. 12821

h. Defendant: R. Vladyka

Official Position: Correction Sergeant

Address: Great Meadow Correctional Facility

P.O. Box 51 - Comstock, N.Y. 12821

All defendant's described herein are sued in their Individual Capacities. At all times relevant to the events described herein, defendant's were employed and acting under color of law of the State of New York.

## 4. PLACE OF PRESENT CONFINEMENT

a. Is there a prisoner grievance procedure at this facility?  X Yes  ___ No

b. If your answer to 4a is YES, did you present the facts relating to your com-

-5-

plaint in this grievance program? X Yes ___No

IF your answer to 4b is YES,

(i) What steps did you take? I filed my grievance to the Inmate Grievance Resolution Committee at Green Haven Correctional Facility on May 5th 2008 for 2 incidents of ~~of~~ excessive use of force by Corrections Officer's at Great Meadow Correctional Facility on March 5th, & 6th 2008, such as, I was transferred to Central New York Psychiatric Center on March 12th, 2008, then to Green Haven Correctional Facility on April 16th, 2008, and was unable to file said grievance at Great Meadow due to being transfered. My grievance was

-6-

denied at Green Haven. I then appealed my grievance to the Superintendent at Green Haven. My grievance was denied. I then appealed to the Central Office Review Committee in Albany.

(ii) What was the final result of your grievance?

My grievance was denied by the Central Office Review Committee on October 8th, 2008, thereby fully exhausting my administrative remedies.

If your answer to 4b is NO - why did you choose to not present the facts relating to your complaint in the prison's grievance program?

Not applicable.

c. If there is no grievance procedure in your institution, did you complain to prison authorities

-7-

about the facts alleged in your complaint?

___Yes   ___No   Not applicable.

If your answer to 4c is YES,

(i) What steps did you take? Not applicable

(ii) What was the final result regarding your

complaint? Not applicable.

If your answer to 4c is NO — why did you

choose to not complain about the facts relating

to your complaint in such prison? Not applicable.

## 5. PREVIOUS LAWSUITS

a. Have you ever filed any other lawsuits

in any state and federal court relating to your

imprisonment? X Yes ___No

b. If your answer to 5a is YES, you must describe any and all lawsuits, currently pending or closed, in the space provided below.

For EACH lawsuit, provide the following information:

i. Parties to previous lawsuit:

Plaintiff: Josef Kirk Fischl

Defendant's: The State of New York

ii. Court (if federal court, name District; if state court, name County): County of Erie

iii. Docket number: Claim No. 111211~ORI#NY0018055

iv. Name of Judge to whom case was assigned:

Richard E. Sise

v. Disposition (dismissed? on appeal? currently pending?):

-9-

dismissed

vi. Approximate date of filing prior lawsuit: July 22nd, 2005

vii. Approximate date of disposition: unknown

i. Parties to previous lawsuit:

Plaintiff: Josef Kirk Fischl

Defendants: Correction Sergeant David Armitage and Correction Officer J.A. Marshall

ii. Court (if federal court, name District; if state court, name County): Northern District of New York

iii. Docket number: 92-CV-1327

iv. Name of Judge to whom case was assigned: Magistrate Judge Scanlon

v. Disposition (dismissed? on appeal? currently pending?):

settlement

vi. Approximate date of filing prior lawsuit:

September 29th, 1992

vii. Approximate date of disposition: January 25th, 2001

i. Parties to previous lawsuit:

Plaintiff: Josef Kirk Fischl

Defendant's: The State of New York

ii. Court (if federal court, name District; if state court, name County): Erie County

iii. Docket number: unknown

iv. Name of Judge to whom case was assigned: Judge Philip Patti

v. Disposition (dismissed? on appeal? currently pending?): awarded damages after trial

-11-

vi. Approximate date of filing prior lawsuit:

2002

vii. Approximate date of disposition:

2007

i. Parties to previous lawsuit:

Plaintiff: Josef Kirk Fischl

Defendants: Correction Officer Nicholas Brzezniak

Correction Officer Robert J. Domzalski

Correction Officer J. Bartel

Correction Officer Rudy Richter

Correction Sergeant Joseph W. Vitthuhn

Correction Sergeant? Lucas

Registered Nurse Judith Overman

Correction Officer David Hausberger

Correction Officer J. Rynkewicz

Correction Officer Michael Overhoff

Correction Sergeant P. Pomietlasz

Commissioner's Hearing Officer Thomas J. Schoellkopf

Correction Lieutenant ? Wynkoop

Deputy Superintendent of Administration Juan Schumacher

Correction Captain Michael Kearney

ii. Court (if federal court, name District; if state
court, name County): Western District of New York

iii. Docket number: 05-CV-0700 A(F)

iv. Name of Judge to whom case was assigned:

Magistrate Judge Leslie G. Foschio

v. Disposition (dismissed? on appeal? currently pending?):

settlement

-13-

vi. Approximate date of filing prior lawsuit:

October ? 2008

vii. Approximate date of disposition: November ? 2009

1. Parties to previous lawsuit:

Plaintiff: Josef Kirk Fischl

Defendants: The State of New York

ii. Court (if federal court, name District; if state court, name County): Washington County

iii. Docket number: unknown

iv. Name of Judge to whom case was ass-

igned: unknown

v. Disposition (dismissed? on appeal? currently

pending?): dismissed

vi. Approximate date of filing prior lawsuit:

April ? 1990

vii. Approximate date of disposition: unknown

i. Parties to previous lawsuit:

Plaintiff: Josef Kirk Fischl

Defendants: The State of New York

ii. Court(if federal court, name District; if state

court, name County): Erie County

iii. Docket number: unknown

iv. Name of Judge to whom case was assigned:

unknown

v. Disposition(dismissed? on appeal? currently pend-

ing?): dismissed

vi. Approximate date of filing prior lawsuit:

2001

vii. Approximate date of disposition: unknown

# FACTS

6.

1. This complaint is for excessive use of force by corrections officers in violation of Plaintiff's Eight Amendment Rights of the United States Constitution, therefore the U.S. District Court has jurisdiction over this matter, and the Northern District is the proper venue, such as, the violation's of Plaintiff's constitutional rights occurred In Great Meadow Correctional Facility in Washington County.

2. On March 5th, 2008, Plaintiff was housing at Great Meadow Correctional Facility in A-block-

6 Company 34 cell.

3. Defendant Correction Officer J. Pruiksma was the 6 company officer on March 5th, 2008.

4. On the morning of March 5th, 2008, Plaintiff proceeded to the messhall for his morning meal - the company being escorted by Defendant Correction Officer J. Pruiksma.

5. Before entering the messhall, Plaintiff was stopped and questioned by the messhall Sergeant, such as, the Sergeant noticed Plaintiff was wearing 1 boot and 1 sneaker.

6. Plaintiff has a signed affidavit of a fellow prisoner who witnessed a conversation between Defendant Correction Officer J. Pruiksma and

another messhall officer.

7. As witnessed by Eugene Adger - 93-A-3377, an officer behind the messhall counter said to Defendant Correction Officer J. Pruiksma, "What's up with that"? The officer was curious as to why Plaintiff was wearing 1 boot and 1 sneaker.

8. Defendant Correction Officer J, Pruiksma replied, "He's acting crazy. Watch when we get back to the block. We're gonna beat the shit out of him."

9. As witnessed by fellow prisoner Eugene Adger, this statement by Defendant Correction Officer J. Pruiksma - who's nick-

name is "Spike" - clearly shows a premeditated plot to do Plaintiff bodily harm.

10. Plaintiff was unaware of Defendant Correction Officer J. Pruiksma's plan to do him harm, such as, he did not hear Pruiksma's conversation.

11. After eating breakfast, Plaintiff left the messhall and proceeded to his a.m. program - Transitional Services II.

12. Plaintiff was directed back to his housing unit - A-6-34, assuming his program was closed.

13. Plaintiff never made it back to his cell, such as, he was stopped by Defendant

Correction Officer's J. Pruiksma and Rozell

in the A-B stairwell at approximately 8:50 a.m.

14. Defendant Correction Officer Rozell asked

Plaintiff, "What are you doing?", as he gazed

at Plaintiff's different footwear. Rozell then

told Plaintiff to put his hands on the

wall for a pat frisk.

15. When Plaintiff put his hands on the wall,

a violent, unprovoked attack, assault & battery

commenced against Plaintiff. Plaintiff never

struck either of these 2 Defendant's.

16. Both Defendant Correction Officer's J. Pru-

iksma and Rozell repeatedly pounded Plaintiff

with their fists, causing bodily injury, and

-20-

then threw him to the floor.

17. Once Plaintiff was on the floor, Defendant Correction Officer's J. Pruiksma and Ro-zell repeatedly kicked Plaintiff, causing add-itional bodily harm.

18. After being repeatedly assaulted for ap-proximately 5 minutes for no reason whatso-ever, Plaintiff was handcuffed and taken to the facility hospital where he was examined by a nurse and then photographed.

19. Plaintiff was then again handcuffed and es-corted to S.H.U. - B-1-36 cell, in where he was not given any food at all.

20. At approximately 11:13 a.m. on March 6th 2008,

-21-

a gas-masked man - Defendant Correction Officer
Timothy Brockway, sprayed a chemical agent at
Plaintiff in his cell. Plaintiff was sprayed
with chemical agents 8 times over a 15
minute period, causing him to choke and
his eyes to tear.

21. At approximately 11:30 a.m. on March 6th, 2008,
Plaintiff's cell opened, and Defendant Correct-
ion Officer Jeremy Burch stormed in and
slammed against Plaintiff with a plastic cell
shield apparatus.

22. Followed by Defendant Burch, were Defend-
ant Correction Officer's Ray Tilley, Eric
Mead, and Donald Smith, who were all in

B-1-36 cell along with Plaintiff at the same time.

23. All four of these Defendant Correction Officer's repeatedly beat Plaintiff with their fists for approximately 10 minutes, causing severe bodily harm to Plaintiff as he defended himself.

24. This brutal attack upon Plaintiff was completely unprovoked and unwarranted, and was done solely to cause Plaintiff extreme bodily harm.

25. Defendant Correction Sergeant R. Vladyka- the area supervisor- authorized, observed, allowed and condoned this brutal beating upon Plain-

tiff and did nothing to intervene and prevent this extreme physical abuse.

26. Plaintiff was eventually handcuffed, shackled, and then run "like a run away freight train" all the way from S.H.V.-B-1-36 to the Mental Health Unit-Observation-(M.H.V.-O.B.S.)

27. While Plaintiff was run to M.H.V.-O.B.S. he was also run into walls.

28. It was difficult for Plaintiff to keep his feet up and moving with the pace of the escorting officers, who were Defendant Correction Officers Burch, Smith, and Tilley, due to Plaintiff being shackled, with the shackles cutting into his ankles.

29. Plaintiff's ankles were bleeding and he has permanent scars on both due to the shackles being tightly applied, and the scary, traumatic, run/trip from S.H.U. to M.H.U. ~ O.B.S.

30. Photographs were again taken of Plaintiff's numerous, Correction Officer inflicted injuries, in M.H.U. ~ O.B.S. and Plaintiff was given a shower.

31. Plaintiff never received any medical attention for his numerous injuries which included: contusions all over his head, 2 black eyes, spitting up blood, lacerations on left eyebrow and corner of mouth, trauma to wrists and ankles - bleeding from handcuffs and shackles, trauma

to both shoulders, nerve damage and numbness to right ring and pinky fingers, damage to right pointer finger, left middle finger and left thumb, and bleeding lacerated right lower leg.

32. Plaintiff today suffers from arthritis in his right pointer finger and left thumb, as told by doctor, due to the brutal assault & battery he suffered on March 6th 2008 by the aforementioned Defendant Correction Officer's.

33. Instead of providing medical attention to Plaintiff in M.H.U.~O.B.S. for his numerous, Correction Officer, inflicted injuries, they offered him psychiatric medication, which he refused.

34. On March 12th, 2008, after laying up in a strip cell - M.H.U.- O.B.S.- all busted up and bleeding, for 6 days with no medical attention, a Sergeant brought Plaintiff all new state clothes and boots, and said, "If anybody asks, just tell 'em you're on the draft."

35. On March 12th, 2008, they took Plaintiff to Central New York Psychiatric Center (C.N.Y.P.C.), who also took photograph's of his <u>numerous, now visible injuries.</u>

36. C.N.Y.P.C. refuses to release these March 12th, 2008 photograph's, claiming they aren't available via a F.O.I.L. request, and are for quality care purposes only.

37. Despite Plaintiff's requests to see a medical doctor, C.N.Y.P.C. never provided such.

38. Shortly before April 16th, 2008, Plaintiff was interviewed by someone from the Inspector Generals Office, concerning the events on March 5th and 6th of 2008, who got him transferred to Green Haven Correctional Facility on April 16th, 2008.

39. Plaintiff was served with 4 misbehavior reports on April 23rd, 2008 at Green Haven Correctional Facility for the incidents that occurred at Great Meadow Correctional Facility on March 5th, and 6th, of 2008, 3 of which were dropped by Great Meadow, and 1 of

which was dismissed at Green Haven at a Super-

intendent's Tier III hearing.

7.        CAUSES OF ACTION

          FIRST CAUSE OF ACTION

1. On March 5th 2008, at approximately 8:50 a.m.,

Defendant Correction Officer's J. Pruiksma

and Rozell violated Plaintiff's 8th Amend-

ment Rights of the United States Constitution.

2. After Defendant Correction Officer Rozell

told Plaintiff to put his hands on the wall

for a pat frisk, a violent, unprovoked, attack,

assault & battery commenced against Plaintiff

by Defendant's Pruiksma and Rozell. Plaintiff

never struck either of these 2 Defendants.

3. Both Defendant Correction Officer's J. Pruiksma and Rozell repeatedly pounded Plaintiff with their fists, causing bodily injury, and then threw him to the floor.

4. Once Plaintiff was on the floor, Defendant Correction Officer's J. Pruiksma and Rozell repeatedly kicked Plaintiff, causing additional bodily harm, clearly violating his 8th Amendment Rights.

5. After being repeatedly assaulted for approximately 5 minutes, Plaintiff was handcuffed and taken to the facility hospital where he was examined by a nurse, photographed, then escorted

-30-

to S.H.V. - B-1-36 cell.

6. This plan to do Plaintiff serious bodily harm was a premeditated act, as pointed out in the FACTS section of this complaint.

## SECOND CAUSE OF ACTION

1. On March 6th 2008 at approximately 11:13 a.m., Defendant Correction Officer's Timothy Brockway, Jeremy Burch, Ray Tilley, Eric Mead, Donald Smith and Correction Sergeant R. Vladyka violated Plaintiff's 8th Amendment Rights of the United States Constitution while he housed in S.H.V. - B-1-36 cell.

2. At approximately 11:13 a.m, March 6th 2008, a

gas-masked man~Defendant Correction Officer Timothy Brockway sprayed a chemical agent at Plaintiff in his cell, causing him to choke, and causing pain and tearing to his eyes.

3. Plaintiff was sprayed with these poisonous chemicals 5 times over a 15 minute period, without provocation on his behalf, clearly violating his 8th Amendment Rights.

4. At approximately 11:30 a.m., March 6th 2008, Plaintiffs cell opened and Defendant Correction Officer Jeremy Burch stormed in and slammed against Plaintiff with a plastic cell shield apparatus.

5. Followed by Defendant Burch, were Defendant Correction Officers Ray Tilley, Eric Mead, and

Donald Smith, who were all in B-1-36 cell along with Plaintiff at the same time.

6. All four of these Defendant Correction Officers beat Plaintiff repeatedly with their fists for approximately 10 minutes as Plaintiff defended himself.

7. This brutal attack upon Plaintiff was completely unprovoked and unwarranted, and was done solely to cause Plaintiff extreme bodily harm, a clear violation of his 8th Amendment Rights.

8. Defendant Correction Sergeant R. Vladyka authorized, observed, allowed, and condoned this brutal beating upon Plaintiff, and did nothing

to intervene and prevent this extreme physi-
cal abuse, a clear violation of Plaintiff's 8th
Amendment Rights.

## THIRD CAUSE OF ACTION

1. Plaintiff was eventually handcuffed, shackled
and then run, "like a run away freight train",
all the way from S.H.U.-B-1-36 cell to the
Mental Health Unit-Observation (M.H.U.-O.B.S.)

2. During the trip from B-1-36 to M.H.U.-O.B.S,
Plaintiff's 8th Amendment Rights of the Unit-
ed States Constitution were violated by
Defendant Correction Officer's Burch, Smith
and Tilley - the escort officer's.

3. While Plaintiff was <u>run</u> from S.H.U.~8-1-36 to M.H.U.~O.B.S. he was also run into walls.

4. It was difficult for Plaintiff to keep his feet up and moving with the pace of the escorting officer's, who were Defendant Correction Officer's Burch, Smith, and Tilley, due to Plaintiff being tightly shackled, with the shackles cutting into his ankles.

5. Plaintiff's ankles were bleeding, and he has permanent scars on both, due to the shackles being tightly applied, and the scary, traumatic manner in which he was <u>run</u> from S.H.U.~8-1-36 cell to M.H.U.~O.B.S., a clear violation of Plaintiff's 8th Amendment Rights.

6. Photograph's were again taken of Plaintiff's numerous, Correction Officer inflicted injuries, in M.H.V. - O.B.S., and Plaintiff was given a shower.

8.    PRAYER FOR RELIEF

Plaintiff, for the foregoing reasons set forth in this complaint, request the Court not to allow Defendant's to escape liability for their knowing, willful, and deliberate violations of Plaintiff's Constitutional Rights, and to pay to Plaintiff punitive and compensatory damages in the following amounts.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

a) Compensatory damages against each Defendant named herein, individually, in the amount of $10,000.00.

b) Punitive damages against each Defendant named herein, individually, in the amount of $10,000.00; for a total award of $160,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 2/3/11

_Josef Kirk Fischl_
Signature of Plaintiff